FILED
3/31/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS LEE WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:21-cv-00353 (UNA) |
| ) | |
| ) | |
| INTERNAL REVENUE SERVICE ) | |
| Employee #304-955, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Curtis Lee Watson's application for leave to proceed *in forma pauperis* and *pro se* complaint. The court will grant the *in forma pauperis* application and dismiss this matter for lack of subject matter jurisdiction.

Plaintiff, who appears to be a resident of Maryland, sues his daughter and son in law, Kelley and Jerry Brown, both of whom also reside in Maryland. He alleges that he was living with the Browns when they suddenly removed him from their home and, sometime thereafter, also fraudulently used his social security number to obtain a stimulus check. He demands an injunction both prohibiting the Browns from using the proceeds and enjoining the Internal Revenue Service ("IRS") from issuing any future payments to them in his name. Plaintiff has not named the IRS or its head as a defendant, but he does name "IRS employee #304-955," ostensibly in their official capacity. Petitioner alleges that, when he contacted the IRS about this alleged identity theft, this particular employee informed him that there was no remedy.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount

in controversy exceeds $75,000.  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

Petitioner does not specify the basis for federal court jurisdiction or the claims he brings against either the Browns or IRS employee #304-955.  The only plausible cause of action against the IRS employee, given the allegations, would arise under the Federal Tort Claims Act ("FTCA").  However, there is no indication that Plaintiff has provided the United States[1] with requisite notice.  The FTCA contains an exhaustion requirement that mandates a claimant to present the agency with (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum-certain damages claim, and the agency must have either denied the claim in writing or failed to provide a final disposition within six months of the filing of the claim.  *See GAF Corp. v. United States*, 818 F.2d 901, 905 (D.C. Cir. 1987).  The FTCA bars claimants from suit until they have exhausted their administrative remedies. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *see also* 28 U.S.C. § 2675(a) ("[a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency.").  This exhaustion requirement is jurisdictional.  *GAF Corp.*, 818 F.2d at 904.  Plaintiff gives no indication of having exhausted his remedies; thus, the court lacks subject matter jurisdiction insofar as Plaintiff sues IRS employee #304-955.

As for the Browns, Plaintiff's claims sound in tort, such as conversion.  However, "for jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties,

---

[1] Additionally, the "United States of America is the only proper defendant in a suit under the FTCA." *Chandler v. Fed. Bureau of Prisons*, 226 F. Supp. 3d 1, 6, n.3 (D.D.C. 2016); *see also Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 125 (D.D.C. 2016) ("[A] plaintiff may not bring tort claims against federal officials in their official capacities or against federal agencies; the proper defendant is the United States itself[.]"); 28 U.S.C. § 2679(a).

which is to say that the petitioner may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (emphasis added) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Here, all parties appear to reside in Maryland, and consequently, there is no diversity of citizenship.

Accordingly, this case is dismissed without prejudice for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).  A final order accompanies this memorandum opinion.


Date: March 31, 2021

_____/s/_____
AMIT P. MEHTA
United States District Judge